UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

PHILIP LEAMAN,

                                    Plaintiff,

      -against-

CITY OF NEW YORK, RICHARD SALVADOR, Individually,
VINCENT CIRABISI, Individually, and JOHN AND JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                    Defendants.

------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

Plaintiff PHILIP LEAMAN, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff PHILIP LEAMAN is a thirty-six-year-old man residing in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK maintains the New York City Sanitation Department Police Department (hereinafter referred to as "DOSPD") and the New York City Police Department ("NYPD"), duly authorized public authorities and/or police departments, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. Upon information and belief, that at all times hereinafter mentioned, the individually named defendants RICHARD SALVADOR, VINCENT CIRIBISI, and JOHN and JANE DOE 1 and 2, were duly sworn police officers of the and were acting under the supervision of the DOSPD and according to their official duties.

11. That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 3 and 10, were duly sworn police officers of the DOSPD and/or NYPD who

were acting under the supervision of said departments and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

14. On October 16, 2017, at approximately 11:45 p.m., in the parking lot of a McDonald's in the vicinity of Hamilton Avenue and Centre Street in Brooklyn, New York, defendant DOSPD officers RICHARD SALVADOR and VINCENT CIRIBISI, along with other as yet unidentified defendant officers, participated in using excessive force on plaintiff PHILIP LEAMAN, and/or in falsely arresting him, and/or in manufacturing evidence against him, and/or in failing to intervene in said unlawful acts.

15. LEAMAN was lawfully present at said location, having been directed by defendants RICHARD SALVADOR, VINCENT CIRIBISI, and JOHN DOE 1 to said location from his stopped position at a red light without any lawful reason.

16. SALVADOR, CIRIBISI, and JOHN DOE 1 were in plain clothes in an unmarked car. LEAMAN repeatedly asked to be informed of what was happening, and why had be pulled over, and received no response. Additional uniformed officers arrived at the scene shortly thereafter in marked police vehicles.

17. Defendant officers needlessly and brutally tackled LEAMAN, forcing him face

first into the ground.  Defendants officers pushed LEAMAN's face into the ground multiple times, one defendant was on top of LEAMAN with his knee in the small of LEAMAN'S back, wrenching LEAMAN'S right hand and wrist behind him before placing very tight handcuffs on his wrists.

18. LEAMAN immediately complained the handcuffs were too tight and were causing him pain.  Defendant officers ignored LEAMAN'S complaints.

19. Defendant officers imprisoned LEAMAN in a police vehicle, and thereafter transported him to the NYPD 76th Precinct against his will. While traveling, defendant officers intentionally, recklessly, or negligently drove over a bump at an excessive rate of speed as LEAMAN was handcuffed and unsecured in the rear of the vehicle in deliberate disregard to his safety.

20. Said defendants' actions caused LEAMAN to bounce up off his seat, strike his head on the roof of the vehicle and fall partially off his seat and to his side, wrenching his right shoulder, and injuring, without limitation, his head, neck, back, left arm, and right shoulder.

21. Said defendants were further aware through the screams of plaintiff and their own observations that plaintiff was injured, yet did nothing to better situate or secure plaintiff, or to otherwise relieve plaintiff's pain, and/or attend to his medical needs, and instead continued on to the 76th precinct where he was imprisoned in a cell.

22. LEAMAN'S continued requests for information were ignored and defendant officers never informed him of the reasons for his arrest.

23. Currently unidentified supervisory officers supervised defendants SALVADOR, CIRIBISI, and JOHN DOE 1 in the unlawful arrest of the plaintiff.

24. Defendants continued to imprison LEAMAN until October 17, 2017, when

LEAMAN was released following his arraignment in Kings County Criminal Court on baseless charges filed under docket number 2017KN056821; said charges having been filed based on the false allegations of defendant RICHARD SALVADOR, who conspired with defendant VINCENT CRIBISI and and/or other defendants to provide false information and evidence to the Kings County District Attorney's Office.

25. The defendants' false allegations, which resulted in LEAMAN'S arrest and prosecution, included that: (1) LEAMAN was arrested for disobeying a steady red light and flailed and swung his arms when defendants attempted to arrest him; and (2) LEAMAN was swerving in and out of multiple lanes of traffic without signaling, stopping in the middle of the roadway, driving in reverse almost hitting the defendants RMP, and then drove through a red light, flailing his arms when defendants informed him they would be placing him in handcuffs.

26. Said false evidence was used against plaintiff and formed the basis of the criminal charges filed against plaintiff.

27. Over the course of the next eight months, the malicious prosecution compelled plaintiff to return to Kings County Criminal Court on numerous occasions until June 12, 2018, on which date all the false allegations of the defendant officers were dismissed and sealed.

28. Defendants SALVADOR, CIRIBISI, and JOHN and JANE 1 through 10 either directly participated in the use of force, false arrest, malicious prosecution of plaintiff or failed to intervene in said constitutional violations despite being present for and/or aware that said violations were occurring.

29. As a result of the above described misconduct, plaintiff sustained injuries necessitating medical treatment and resulting in ongoing *sequelae*.

30. The defendant municipality and its officers owed a duty to plaintiff to ensure his safety in their custody.

31. The defendant municipality and its officers breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries while in their custody.

32. After his release from custody, plaintiff sought treatment, *inter alia,* facial injuries, headaches, and left hand and arm pain and numbness.

33. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to a practice of escalating traffic stops to full blown arrests without sufficient bases to do so. Specifically, the City of New York has failed to train its police officers in how to properly deescalate and not otherwise lose their temper when civilians ask why they are being stopped or arrested.

34. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and the media, that many City officers, including the defendants, are insufficiently trained regarding traffic stops and the concept of de-escalation, and that they engage in falsification.

35. Further, in another civil rights action filed in this circuit involving false allegations by NYPD officers, Eastern District Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

36. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights as well as physical injuries to prisoners. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

37. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

38. As a result of the foregoing, plaintiff PHILIP LEAMAN sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants arrested plaintiff PHILIP LEAMAN, without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

41. Defendants caused plaintiff PHILIP LEAMAN to be falsely arrested and unlawfully imprisoned.

42. As a result of the foregoing, plaintiff PHILIP LEAMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff PHILIP LEAMAN'S constitutional rights.

45. As a result of the aforementioned conduct of defendants, plaintiff PHILIP LEAMAN was subjected to excessive force and sustained physical and emotional injuries.

46. As a result of the foregoing, plaintiff PHILIP LEAMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants initiated, commenced and continued a malicious prosecution against plaintiff PHILIP LEAMAN.

49. Defendants caused plaintiff PHILIP LEAMAN to be prosecuted without probable cause until the charges were dismissed on or about October 12, 2017.

50. As a result of the foregoing, plaintiff PHILIP LEAMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants created false evidence against plaintiff PHILIP LEAMAN.

53. Defendants utilized this false evidence against plaintiff PHILIP LEAMAN in legal proceedings.

54. As a result of defendants' creation and use of false evidence, plaintiff PHILIP LEAMAN suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

55. As a result of the foregoing, plaintiff PHILIP LEAMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

58. The defendants failed to intervene to prevent the unlawful conduct described herein.

59. As a result of the foregoing, plaintiff was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of her safety, and he was humiliated and subjected to handcuffing and other physical restraints.

60. As a result of the foregoing, plaintiff PHILIP LEAMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

63. As a result of the foregoing, plaintiff PHILIP LEAMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

66. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department and the New York City Department of Sanitation Police Department included, but were not limited to, subjecting citizens to excessive force, inadequately securing prisoners in law enforcement vehicles, arresting individuals without probable cause and engaging in a practice of falsification to cover up their abuse of authority. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department and the New York City Department of Sanitation Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

68. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department and the New York City Department of Sanitation Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department and the New York City Department of Sanitation Police Department were the moving force behind the Constitutional

violations suffered by plaintiff as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department and the New York City Department of Sanitation Police Department, plaintiff PHILIP LEAMAN was subjected to excessive force, falsely arrested, unlawfully imprisoned, and maliciously prosecuted.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

72. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from false arrest/unlawful imprisonment;

  C. To be free from excessive force;

  D. To be free from the fabrication of evidence;

  E. To be free from malicious prosecution; and

  F. To be free from the failure to intervene.

73. As a result of the foregoing, plaintiff PHILIP LEAMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claim**

74. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

75. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

76. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

77. Plaintiff has complied with all conditions precedent to maintaining the instant action.

78. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(False Arrest under the laws of the State of New York)

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. The defendant officers arrested plaintiff PHILIP LEAMAN without probable cause.

81. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

82. As a result of the aforementioned conduct, plaintiff PHILIP LEAMAN was unlawfully imprisoned in violation of the laws of the State of New York.

83. As a result of the aforementioned conduct, plaintiff PHILIP LEAMAN suffered

physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

84. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

85. As a result of the foregoing, plaintiff PHILIP LEAMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York)

86. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Defendants initiated, commenced and continued a malicious prosecution against plaintiff PHILIP LEAMAN.

88. Defendants caused plaintiff PHILIP LEAMAN to be prosecuted without probable cause until the charges were dismissed on or about June 12, 2018.

89. Defendant City, as employer of the defendant officers, is responsible for his wrongdoing under the doctrine of *respondeat superior.*

90. As a result of the foregoing, plaintiff PHILIP LEAMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. As a result of the foregoing, plaintiff PHILIP LEAMAN was placed in apprehension of imminent harmful and offensive bodily contact.

93. As a result of defendant's conduct, plaintiff PHILIP LEAMAN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

94. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

95. As a result of the foregoing, plaintiff PHILIP LEAMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

96. Plaintiff repeats. Reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Defendants RICHARD SALVADOR, VINCENT CIRIBISI, JOHN DOE 1, and JOHN DOES 3 through 10 made offensive contact with plaintiff PHILIP LEAMAN without privilege or consent.

98. As a result of defendant RICHARD SALVADOR, VINCENT CIRIBISI, JOHN

DOE 1, and JOHN DOES 3 through 10's conduct, plaintiff PHILIP LEAMAN suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

99. Defendant City, as employer of RICHARD SALVADOR, VINCENT CIRIBISI, JOHN DOE 1, and JOHN DOES 3 through 10, is responsible for said officer's wrongdoing under the doctrine of *respondeat superior*.

100. As a result of the foregoing, plaintiff PHILIP LEAMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Negligence/Gross Negligence under the laws of the State of New York)

101. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

103. Defendant City, as employer of defendants is responsible for their negligent and grossly negligent acts under the doctrine of *respondeat superior*.

104. As a result of the foregoing, plaintiff PHILIP LEAMAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff PHILIP LEAMAN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       January 14, 2019

                              BRETT H. KLEIN, ESQ., PLLC
                              Attorneys for Plaintiff PHILIP LEAMAN
                              305 Broadway, Suite 600
                              New York, New York 10007
                              (212) 335-0132

                    By:    _s/ Brett Klein_____
                              BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

PHILIP LEAMAN,

             Plaintiff,

  -against-


CITY OF NEW YORK, RICHARD SALVADOR, Individually,
VINCENT CIRABISI, Individually, and JOHN AND JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

             Defendants.

-------------------------------------------------------------------------------X


**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132